UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON L. DANQUAH; BERYL OTIENO-NGOJE; JACQUELINE DESEO; MARITES LINAAC; MILAGROS MANANQUIL; JULITA T. CHING; CRISTINA ABAD; LORNA JOSE-MENDOZA; VIRNA BALASA; OSSIE TAYLOR; RONETTA HABARADAS; and FE ESPERANZA R. VINOYA;<br><br>        Plaintiffs,<br><br>    v.<br><br>UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY ("UMDNJ"); BOARD OF TRUSTEES OF UMDNJ, and its members, in their official and individual capacities; JAMES GONZALEZ, in his individual and his official capacity as Acting President and CEO of UMDNJ; SUZANNE ATKIN, in her individual and her official capacity as Chief Medical Officer of UMDNJ; MICHAEL JAKER, in his individual and his official capacity as the Cochair of UMDNJ's Bioethics Committee; PATRICIA MURPHY, in her individual and her official capacity as the Cochair of UMDNJ's Bioethics Committee; THERESA REJRAT, in her individual and her official capacity as Vice President of Patient Care Services and Chief Nursing Officer of UMDNJ; PHYLLIS LIPTACK, in her individual and her official capacity as Director of Perioperative Services at UMDNJ; MAGALE ARRIAGA, in her | Civil Case No: 2:11-cv-06377-JLL-MAH<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER UNDER FED. R. CIV. P. 65(a) & (b)** |

1

individual and her official capacity as Same
Day Surgery Nurse Manager at UMDNJ;
TAMMY LUDWIG, in her individual and her
official capacity as Same Day Surgery
Assistant Nurse Manager at UMDNJ;

      Defendants.

    Defendant UMDNJ has sent letters to Plaintiff Nurses today, November 18, 2011, violating the status quo that this Court ordered in its November 3 Temporary Restraining Order prior to its ruling on Plaintiffs' motion for injunction. Today, through Defendant Rejrat acting in her official capacity, UMDNJ ordered the Nurses to attend meetings that are scheduled for before this Court's December 5 hearing, and to do so as soon as Wednesday November 23, at which meetings Defendants propose to apply various forms of discrimination in the Nurses' employment conditions on the basis of their objections to abortion. See Rejrat Letter, Exh. 1.

    This requirement violates the Court's November 3, 2011 order, to which UMDNJ claimed it consented, maintaining the status quo until this Court could rule on Plaintiffs' motion for preliminary injunction, by prohibiting Defendants from engaging in any employment discrimination against Plaintiffs on the basis of their abortion objections. Defendants' letter threatens discrimination including

2

"transfer" of the nurses to other units, and "changes" in their employment conditions, under the guise of "reasonable accommodations."  But in the context of abortion, the conscience rights laws at issue in this case, and this Court's November 3 Temporary Restraining Order, do not allow the hospital to impose "reasonable accommodation" compromise of its and the employees' interests.  Instead the legislatures of the United States and New Jersey have decided that when it comes to whether personnel can be required to assist in care supporting abortion, employees have a right that hospitals cannot offset, not to be subject to any adverse change in their employment conditions that the hospital considers "reasonable"—and certainly not to be transferred and segregated out of entire health care delivery units such as outpatient surgery, Ob/Gyn, or the like.  See Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Injunction, filed November 2, 2011.

     Moreover, this Court's November 3 order reserves all such questions by maintaining the status quo in this case until the issue could be considered.  As explained in the Complaint, that status quo existed peaceably at UMDNJ for years, until just over a month ago.  But now UMDNJ is unilaterally breaking that status, and contravening its consent to this Court's Temporary Restraining order.

     The Nurses are under a mandate, by these letters, to attend meetings (presumably without counsel present) starting as soon as November 23, at which

they will be subject to discriminatory transfer, discriminatory changes in their "duties" and/or their "scheduling, or other adverse actions the hospital considers "reasonable." If they do not subject themselves to these discrimination-imposing meetings, the mandatory nature of the meetings as expressed in the letter will presumably be cause for additional adverse employment actions. Additionally, failure to attend the meetings may subject the Nurses to UMDNJ unilaterally imposing such "reasonable accommodations" on them. Counsel for Plaintiffs attempted repeatedly today to have counsel for UMDNJ withdraw these requirements and comply with the Court's November 3 TRO, but to no avail. UMDNJ's urgent, stubborn threats of discrimination will therefore persist unless this Court issues an order prohibiting such meeting requirements and holding UMDNJ in contempt for this violation of the TRO prior to the Court's ruling on this matter.

Plaintiffs will suffer irreparable harm unless the Court issues immediate injunctive relief. Plaintiffs have also, by the facts discussed above, established clear and convincing evidence that UMDNJ and Defendants acting therewith in their official capacities should be held in civil contempt, because they have shown "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009).

DATED: November 18, 2011,

Fair Lawn, New Jersey

                        Respectfully submitted,

                        _s/ Demetrios K. Stratis_____
                        Demetrios K. Stratis
                        RUTA, SULIOS AND STRATIS, LLP
                        10-04 River Road
                        Fair Lawn, NJ  07410
                        (201) 794-6200
                        dstratis@stratislaw.com

                        Matthew S. Bowman*
                        ALLIANCE DEFENSE FUND
                        801 G Street NW, Suite 509
                        Washington, DC  20001
                        (202) 637-4610
                        mbowman@telladf.org

                        *Pro hac vice application pending.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2011, the foregoing document was filed with the Clerk of the Court, and served in accordance with the Federal Rules of Civil Procedure, and/or the District's Local Rules and procedures, upon the following parties and participants:

University of Medicine and Dentistry of New Jersey
  on behalf of itself and all Defendants named in their official capacities
Office of Legal Management
65 Bergen Street
Newark, New Jersey 07101

Service on these parties was accomplished by means of ECF.

                                      _s/ Demetrios K. Stratis_____
                                      Demetrios K. Stratis
                                      RUTA, SULIOS AND STRATIS, LLP
                                      10-04 River Road
                                      Fair Lawn NJ 07410
                                      (201) 794-6200
                                      dstratis@stratislaw.com

# EXHIBIT 1



### The UNIVERSITY HOSPITAL
University of Medicine & Dentistry of New Jersey

Theresa Rejrat, RN, MA
Office of the Vice President and Chief Nursing Officer
Phone: 973-972-1787
Fax:     973-972-2199

150 Bergen Street
PO Box 1709
Newark, NJ  07101-1709

November 17, 2011

Ronetta Habaradas
228 East Cedar St.
Livingston, NJ  07039

**Via-Hand-delivery & Fed-Ex**

**RE: Discussion Regarding Reasonable Accommodation**

Dear Ms. Habaradas,

You have indicated that you have religious and/or moral objections to performing certain of your current job duties.  The University again invites you to discuss with us potential reasonable accommodations of your objections.  Such potential accommodations may include changes in duties, changes in scheduling, and/or transfer to another nursing position that does not involve duties that are objectionable to you for religious and/or moral reasons.  We welcome your input and thoughts concerning potential reasonable accommodations.  Please contact me at 973-972-1787 immediately to arrange for this discussion which must be held on or before Wednesday, November 23, 2011.

Thank you,

Theresa Rejrat, RN, MA
Vice President of Patient Care Services & CNO

Principal teaching hospital of UMDNJ-New Jersey Medical School